UNITED STATES OF AMERICA ex rel.,

     First American Engineered Solutions, L.L.C. and

     Gerald Morris individually and as sole member of
     First American Engineered Solutions, L.L.C.

and

FIRST AMERICAN ENGINEERED
SOLUTIONS, L.L.C.

and                                           Case No:

GERALD MORRIS, individually,
And as Sole Member of First American Engineered
Solutions, L.L.C.,
                        Plaintiffs,

v.

WINCHESTER AMMUNITION,
a Division of the OLIN CORPORATION,

                       Defendant.

---

## COMPLAINT

     **NOW COMES** the above-named Plaintiffs, UNITED STATES OF AMERICA ex rel., First American Engineered Solutions L.L.C. and Gerald Morris individually and as sole member of First American Engineered Solutions, L.L.C., FIRST AMERICAN ENGINEERED SOLUTIONS, L.L.C., and GERALD MORRIS, individually and as sole member of First American Engineered Solutions, L.L.C., by and through their attorneys Ricciardi, Stern & Patrickus, S.C. and states the following:

## FACTUAL AVERMENTS

1.      That this action is brought under the provisions of Title 31 United States Code, sections 3729 and 3730(b) *qui tam* of the Federal False Claims Act, Title 13, Code of Federal Regulations, Title 10 United States Code, Section 2323, Title 15 United States Code, Sections 632 through 645 and 657(a)-(g), the Uniform Commercial Code 2-106, 2B-109 and 2-313 and subpart 49.101 of the Federal Acquisition Regulations; Jurisdiction is conferred by Title 28 United States Code, Section 1332(a) and FRCP 8(a) and 9(b).

2.      The Plaintiff, UNITED STATES OF AMERICA, ex rel. First American Engineered Solutions, L.L.C. and Gerald Morris individually and as sole member of First American Engineered Solutions L.L.C.,  by and through the U.S. attorney's office Eastern District of Wisconsin is located at 517 E.  Wisconsin Avenue, Milwaukee, Wisconsin, 53202.

3.      The Plaintiff, FIRST AMERICAN ENGINEERED SOLUTIONS, L.L.C., hereinafter (FAES) is a Minnesota Limited Liability Company, with its principal place of business 136 Jackson Street, Suite C, Oshkosh, Wisconsin 54901.

4.      The Plaintiff, GERALD MORRIS, is an individual and the Sole Member of First American Engineered Solutions, L.L.C. who is a Wisconsin resident with his primary residency at 923 Jackson Street, Oshkosh, Wisconsin 54901.

5.      The Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION which upon information and belief is a Virginia Corporation, having a principal place of business in East Alton, Illinois 62024-1197.

6.      On December 6, 2002 the Department of Treasury, Federal Law Enforcement Training Center (FLETC), Procurement Division, issued a Pre-solicitation

Notice, Solicitation Number FTC 03-09, for Reduced-Hazard Training Ammunition (Green Ammo), with an Original Response Date of February 13, 2003.

7.      Subsequently, on February 26, 2003 the Department of Treasury, Federal Law Enforcement Training Center (FLETC), issued Solicitation number FTC 03-09 for Reduced-Hazard Training Ammunition with an initial closing date of April 22, 2003.

8.      Solicitation number FTC 03-09 was issued as a Negotiated RFP.  Section I – Contract Clauses included the following clauses incorporated by reference:

52.219-4      Notice of Price Evaluation Preference for HubZone Small Business Concerns (Jan 99) [19.1308 (B)]

52.219-23      Notice of Price Evaluation Adjustment for Small disadvantaged Business Concerns (May 01) [19.1104]

9.      On March 12, 2003, the Plaintiff, FAES, submitted and confirmed its formal Request for Quotation to Mr. Steve Kehrwald, National Sales Manager, Law Enforcement, Olin Company, 427 North Shamrock Street, East Alton, Illinois, 62024, (via facsimile) relative to Department of Treasury, Federal Law Enforcement Training Center, Solicitation number FTC 03-09.

10.      On April 23, 2003 the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION executed a Winchester Law Enforcement Agreement with FAES, appointing FAES as an authorized DISTRIBUTOR. (See Winchester Law Enforcement Agreement inclusive of Addendum A, effective 1st day of January 2003, attached hereto as Exhibit 1).

11.      On July 3, 2003 the Department of Homeland Security, Federal Law Enforcement Training Center issued Amendment Number 0009 in support of Solicitation

3

FTC 03-09, for Reduced Hazard Ammunition with a revised closing date of July 16, 2003.

12. On July 8, 2003, the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION provided a proposal inclusive of pricing and availability data to the Plaintiff, FAES, via facsimile, in response to solicitation FTC 03-09. As was customary with multi-year contract proposals, Mr. R .M. Hammett, President of the Winchester Division, signed the proposal on behalf of the Defendant.

13. On July 11, 2003, the Plaintiff, FAES, submitted a responsive and responsible proposal in response to Solicitation FTC 03-09 for Reduced Hazard Ammunition. As further requested by the Department of Homeland Security, Federal Law Enforcement Training Center, the Plaintiff, FAES, on September 18, 2003 submitted responsive and responsible Proposal Clarifications in support of Solicitation FTC 03-09. In addition and as further requested by the Department of Homeland Security and Federal Law Enforcement Training Center, the Plaintiff, FAES, on September 23, 2003 submitted responsive and responsible pricing clarifications and confirmation.

14. Upon information and belief, on or about March 2003, the Department of Treasury transferred procurement authority with respect to FLETC to the Department of Homeland Security (DHS) as evidenced by Amendment No. 0001 dated March 13, 2003.

15. On September 26, 2003, the Plaintiff, FAES, submitted via e-mail, a responsive and responsible Final Proposal Revision(s) to verify correct data in Sections B, add appropriate part numbers, confirm unit pricing per round, and incorporate minimum /maximum revisions as requested on September 25, 2003 by the Department of Homeland Security and the Federal Law Enforcement Training Center.

16. On September 29, 2003, the Department of Homeland Security, Federal Law Enforcement Training Center issued, via e-mail the proposed contract award to the Plaintiff, FAES, for review, concurrence, and FAES' signature.

4

17.     On September 30, 2003, the Department of Homeland Security, Federal Law Enforcement Training Center executed and issued Contract Tftc 03-25 to the Plaintiff, FAES, for Reduced Hazard Ammunition.  The contract was an Indefinite Delivery / Indefinite Quantity contract with a Guaranteed Minimum Quantity and Yearly Maximum Quantity to be exercised by the issuance of individual Delivery Orders.

18.     Pursuant to the Solicitation and Offer, the Award/Contract issued to the Plaintiff, FAES, by the Department of Homeland Security, Federal Law Enforcement Training Center (FLETC) consists of a Five year continuous contract for Reduced Hazard Ammunition as described in Section C of said contract. (See attached hereto, Exhitbit 2)

19.     Meanwhile, notwithstanding the distributorship contract implemented by and between FAES and Winchester; the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION also submitted a responsive and responsible proposal to Solicitation 03-09 and equally was issued a contract award, Tftc 03-26, directly with the Department of Homeland Security and FLETC dated September 30, 2003.

20.     On September 30, 2003 the Department of Homeland Security, Federal Law Enforcement Training Center (FLETC) issued Delivery Order FTDO0301738, Requisition Reference Number 03FAD0156 to FAES as the initial call-up of the Contract for First Article Test requirements.  The "Contract Deliverables" consisted of 1 Lot – First Article Contractor Testing (Test Reports), and 1 Lot Production Quantity (Ballistic samples - 16 different line items/products - for Government testing).  Delivery was required within 30 days after award.

21.     On October 3, 2003, the Plaintiff, FAES, issued to the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION, via facsimile, a Purchase Requisition Number 03FAD0156, in the amount of $5,878.80 for

its Contract Deliverables.  Delivery of all Contract Deliverables was required within 30 days after award.

22.     That as a condition precedent to the Five year contract between the Plaintiff, FAES, and the Department of Homeland Security, the Federal Law Enforcement Training Center(FLETC) , and the ammunition supplied by the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION to the Plaintiff, FAES, as its appointed distributor, and pursuant to the Winchester Law Enforcement Agreement, warrants that the products shall be free from defect(s) and shall be in compliance with First Article Testing requirements as set forth by the Government.

23.     Furthermore, the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION  as a seasoned manufacturer and supplier of ammunition for the Government is equally aware of and fully understands the First Article Testing Requirements and commensurate scope(s) of work; and that a material element and condition of the requirements of the First Article Test is the timeliness of the submission of the Contract Deliverables to the Department of Homeland Security, Federal Law Enforcement Training Centers' Contracting Officers Technical Representative(COTR) (for required Ballistic Samples) and to the Contracting Officer (CO) (for required Test Reports).

24.     That on November 26, 2003, following repeated requests by the Plaintiff, FAES, to the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION, for the status of its purchase requisition, the Plaintiff, FAES, was finally notified by Mr. Kehrwald, National Sales Manager, Law Enforcement, that a Winchester Law Enforcement Order number had not yet been assigned to its purchase requisition.  With full knowledge that the FAES' Contract Deliverables were approximately 30 days past due, Mr. Kehrwald further stated that he was assigning a purchase order of FA-DHS-11/26/03 for future reference and follow-up of the purchase requisition.

6

25.     Thus, on December 12, 2003, the Department of Homeland Security, Federal Law Enforcement Training Center (FLETC), Contracting Officer Mr. Scott Langston notified the Plaintiff, FAES, through its sole member and president, Gerald Morris at FAES by telephone that the Plaintiff, FAES, was in default of its contract due to non-delivery of the Contract Deliverables / as defined in Delivery Order FTDO0301738, Requisition Reference Number 03FAD0156 in the amount of $6,408.30.

26.     Immediately, the Plaintiff, FAES, by its sole member and president, Mr. Morris notified the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION of the conversation that took place with the Department of Homeland Security, Federal Law Enforcement Training Center, (FLETC) Contracting Officer Scott Langston and indicated that due to Winchester's untimely delivery of the Contract Deliverables, the award with Department of Homeland Security, Federal Law Enforcement Training Center (FLETC) was likely to be terminated.

27.     On December 16, 2003, the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION made a partial shipment to Department of Homeland Security, Federal Law Enforcement Training Center (FLETC) in support of its open Purchase Requisition Number 03FAD0156 from the Plaintiff, FAES.  On December 19, 2003 the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION falsely claimed that the remainder of the shipment left on the 16th of December.

28.     On December 29, 2003, Department of Homeland Security, Federal Law Enforcement Training Center Contracting Officer Scott Langston notified the Plaintiff, FAES, of its formal Notice of First Article Test Disapproval and Notice of Untimely Delivery, Contract Tftc 03-25.  As a consequence all First Article Tests had been disapproved so that the contract FAES had with the Department of Homeland Security and FLETC failed due to Winchester having failed to satisfy the First Article Test Requirement which is a condition precedent to the continuation of the contract with the government.

7

29.     As a result, also on December 29, 2003, Department of Homeland Security, Federal Law Enforcement Training Center Contracting Officer Scott Langston notified the Plaintiff's, FAES', sole member and president, Gerald Morris via e-mail that he intended to issue a no cost settlement modification, pursuant to the Federal Acquisition Regulations (FAR), section 49.101 to finalize the contract in total.

30.     In fact, Contracting Officer Scott Langston did issue a no cost settlement modification; Modification of Contract 0001 dated March 24, 2004 to the Plaintiff, FAES, thereby extinguishing the Plaintiff's, FAES, Five year contract with the Department of Homeland Security, Federal Law Enforcement Training Center (FLETC). (See Attached Exhibit 3).

31.     Subsequently, through further investigation the Plaintiff, FAES, was notified that the First Article Test samples sent by the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION was non-conforming ammunition, upon information and belief, the ammunition in question had been previously submitted (in an earlier and separate contract) to the Government by the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION, which had already been previously rejected by the Government and returned to the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION.

**COUNT 1**

BREACH OF CONTRACT

UCC VIOLATION 2-106

2B-109 MATERIAL BREACH

32.     The Plaintiff realleges and incorporates herein by reference paragraphs 1-31, all facts and paragraphs, as if they where set forth in full herein;

33.     On April 23, 2003 the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION executed a Winchester Law Enforcement Agreement with FAES, with an offer and appointment of FAES as an authorized DISTRIBUTOR. (See Exhibit 1, Winchester Law Enforcement Agreement inclusive of Addendum A, effective 1st day of January 2003, attached hereto).

34.     On April 18, 2003 FAES, by and through its sole member and president, Gerald Morris accepted the offer to become a distributor on behalf of Winchester Ammunition and secured such by signing the Winchester Law Enforcement Agreement and Addendum on that date and at its principal place of business at that time in Berlin, Wisconsin.

35.     Subsequently, on April 23, 2003 the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION by and through its representative equally agreed to the contract and likewise signed the agreement and addendum to the attached agreement, at their respective principal place of business in East Alton, Illinois.

36.     On July 3, 2003 the Department of Homeland Security, Federal Law Enforcement Training Center (FLETC) issued Amendment Number 0009 in support of Solicitation FTC 03-09, for Reduced Hazard Ammunition with a revised closing date of July 16, 2003.

37.     In consideration of the contract by and between FAES and Winchester Ammunition, on July 8, 2003, the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION provided a proposal inclusive of pricing and availability data to the Plaintiff, FAES, via facsimile, in response to solicitation FTC 03-09.  As was customary with multi-year contract proposals, Mr. R .M. Hammett, President

9

of the Winchester Division, signed the proposal on behalf of the Defendant. (See Attached Exhibit 4)

38.    That in furtherance of consideration on the contract by the parties, on July 11, 2003, the Plaintiff, FAES, submitted a responsive and responsible proposal in response to Solicitation FTC 03-09 for Reduced Hazard Ammunition.  As further requested by the Department of Homeland Security, Federal Law Enforcement Training Center, the Plaintiff, FAES, on September 18, 2003 submitted a responsive and responsible Proposal Clarifications in support of Solicitation FTC 03-09.  Additionally and as further requested by the Department of Homeland Security, Federal Law Enforcement Training Center, the Plaintiff, FAES, on September 23, 2003 submitted responsive and responsible pricing clarifications and confirmation.

39.    After FAES submitted its final Proposal Revisions on September 26, 2003 to the Department of Homeland Security and FLETC, FAES was awarded, issued and granted on September 30, 2003, Contract Tftc 03-25 by Homeland Security and FLETC, for Reduced Hazard Ammunition.  The contract was an Indefinite Delivery / Indefinite Quantity contract with a Guaranteed Minimum Quantity and Yearly Maximum Quantity to be exercised by the issuance of individual Delivery Orders.

40.    Pursuant to the Solicitation and Offer, the Award/Contract issued to the Plaintiff, FAES, by the Department of Homeland Security, Federal Law Enforcement Training Center (FLETC) consists of a Five year continuous contract for Reduced Hazard Ammunition as described in Section C of said contract.

41.    On September 30, 2003 the Department of Homeland Security, Federal Law Enforcement Training Center (FLETC) issued Delivery Order FTDO0301738, Requisition Reference Number 03FAD0156 to FAES as the initial call-up of the Contract for First Article Test requirements.  The "Contract Deliverables" consisted of 1 Lot – First Article Contractor Testing (Test Reports), and 1 Lot Production Quantity (Ballistic samples - 16 different line items/products - for Government testing).

42.     Pursuant to performance requirements of the Winchester Law Enforcement Contract between FAES and Winchester, on October 3, 2003, the Plaintiff, FAES, issued to the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION, via facsimile, a Purchase Requisition Number 03FAD0156, in the amount of $5,878.80 for its Contract Deliverables.  Delivery of the Contract Deliverables was required within 30 days after award.

43.     That as a condition precedent to the Five year contract between the Plaintiff, FAES, and the Department of Homeland Security, Federal Law Enforcement Training Center , the ammunition supplied by the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION to the Plaintiff, FAES, as its appointed distributor and pursuant to the Winchester Law Enforcement Agreement, warrants that the products shall be free from defect(s) and shall be in compliance with First Article Testing requirements as set forth by the Government.

44.     Furthermore, the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION  as a seasoned manufacturer, supplier of ammunition and they themselves holding Contract award Tftc 09-26 for the Government, is equally aware of and fully understands the First Article Testing  Requirements and commensurate scope(s) of work; and that a material part of the requirements of the First Article Test is the timeliness of the submission of the Contract Deliverables to the Department of Homeland Security, Federal Law Enforcement Training Centers' Contracting Officers Technical Representative(COTR) (for required Ballistic Samples) and to the Contracting Officer (CO) (for required Test Reports).

45.     That on November 26, 2003, following repeated requests by the Plaintiff, FAES, to the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION for the status of its purchase requisition, the Plaintiff, FAES, was finally notified by Mr. Kehrwald, National Sales Manager, of Winchester Ammunition, that a Winchester Law Enforcement Order number had not yet been assigned to its

purchase requisition.  Winchester Ammunition with full knowledge that the FAES'
Contract Deliverables were approximately 30 days past due, Mr. Kehrwald further stated
that he was assigning a purchase order of FA-DHS-11/26/03 for future reference and
follow-up of the purchase requisition. (See Attached Exhibit 5)

46.     Thus, on December 12, 2003, Department of Homeland Security, Federal
Law Enforcement Training Center, Contracting Officer Mr. Scott Langston notified the
Plaintiff, FAES, through its sole member and president, Gerald Morris by telephone that
the Plaintiff, FAES, was in default of its contract with the government due to non-
delivery of the Contract Deliverables / as defined in Delivery Order FTDO0301738,
Requisition Reference Number 03FAD0156 in the amount of $6,408.30

47.     Immediately, the Plaintiff, FAES, by its sole member and president,
Gerald Morris notified the Defendant, WINCHESTER AMMUNITION, a Division of the
OLIN CORPORATION of  the conversation that took place with the Department of
Homeland Security, Federal Law Enforcement Training Center, (FLETC) Contracting
Officer Scott Langston and indicated that due to Winchester's untimely delivery of the
Contract Deliverables, the award with Department of Homeland Security, Federal Law
Enforcement Training Center was likely to be terminated.

48.     On December 16, 2003, the Defendant, WINCHESTER AMMUNITION,
a Division of the OLIN CORPORATION made a partial shipment to Department of
Homeland Security, Federal Law Enforcement Training Center (FLETC) in support of its
open Purchase Requisition Number 03FAD0156 from the Plaintiff, FAES.

49.     On December 19, 2003 the Defendant, WINCHESTER AMMUNITION,
a Division of the OLIN CORPORATION falsely claimed that the remainder of the
shipment left on December 16th, 2003.

50.     On December 29, 2003, the Department of Homeland Security, Federal
Law Enforcement Training Center Contracting Officer Scott Langston notified the

Plaintiff, FAES, of its formal Notice of First Article Test Disapproval and Notice of Untimely Delivery, Contract Tftc 03-25. Consequently, all First Article Tests had been disapproved so that the contract FAES had with the Department of Homeland Security and FLETC failed due to Winchester having failed to satisfy the First Article Test Requirement which is a condition precedent to the continuation of the contract with the government.

51.     As a result, on the same day, December 29, 2003, the Department of Homeland Security, Federal Law Enforcement Training Center Contracting Officer Scott Langston notified the Plaintiff's, FAES', sole member and president, Gerald Morris via e-mail that he intended to issue a no cost settlement modification, pursuant to the Federal Acquisition Regulations (FAR), section 49.101 to finalize the contract in total.

52.     In fact, Contracting Officer Scott Langston did issue a no cost settlement modification; Modification of Contract 0001 dated March 24, 2004 to the Plaintiff, FAES, thereby extinguishing the Plaintiff's, FAES, Five year contract with the Department of Homeland Security, Federal Law Enforcement Training Center.

53.     Subsequently, through further investigation the Plaintiff, FAES, was notified that the First Article Test samples sent by the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION was non-conforming ammunition, upon information and belief, the ammunition in question had been previously submitted (in an earlier and separate contract) to the Government by the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION, which had already been previously rejected by the Government and returned to the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION.

54.     Upon information and belief, Contract Tftc 03-26 which was awarded to Winchester Ammunition simultaneously with Contract Tftc 03-25, that was awarded to FAES, both on September 30, 2003, while the FAES/Winchester distributorship agreement was still in good standing and in full force and effect, evidences that

13

Winchester Ammunition was fully capable of meeting not only the Department of Homeland Security and FLETC deadlines for First Article Testing but was also capable of submitting product which passed First Article Testing in accordance with government standards and guidelines and, upon information and belief, the Defendant managed to maintain and perform their contract without breach and/or compromise with the government.

55.     The Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION's actions in not so performing pursuant to the offer, acceptance and consideration of the Winchester Ammunition Law Enforcement Contract Distributorship Agreement with FAES constitutes a material breach in opposition to their agreed obligations to the Plaintiff, FAES and Gerald Morris.

56.     That this material breach exists by failing to perform timely and by failing to perform with the delivery of conforming goods and ammunition as designated within the signed and fully executed agreement, despite due demand having been made by FAES upon the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION .

57.     That this material breach has damaged the Plaintiffs, FAES in that it was the direct and proximate cause of FAES' inability to perform on Contract Tftc 03-25 with the Department of Homeland Security and FLETC which is an incurable breach due to the Government standards on First Article Testing Requirements, thereby extinguishing the Plaintiffs, FAES five year contract with the Department of Homeland Security and Federal Law Enforcement Training Center (FLETC) with an authorized base procurement value of $88,858,320.00 of which the Plaintiffs are due and entitled to judgment against the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION.

58.     That said material breach of contract occurred within the proscribed one year time frame of the signed and executed distributorship agreement and was a failure to

perform the agreed terms that are essential elements of the agreement, all in violation of the Uniform Commercial Code §2-106 and §2B-109.

## COUNT 2

BREACH OF EXPRESS AND IMPLIED WARRANTIES

59.     The Plaintiff realleges and incorporates herein by reference paragraphs 1-58, all facts and paragraphs, as if they where set forth in full herein;

60.     The Winchester Law Enforcement Distributorship Agreement fully signed and executed by and between the Plaintiffs, FAES and it's sole member and President Gerald Morris and the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION clearly states and sets forth in paragraph 15 of the agreement an express Warranty made by Winchester Ammunition.

61.     That the Winchester Law Enforcement Distributorship Agreement is for the sale and purchase of specific goods which have been outlined and made the basis, the conditions and the consideration for the bargain to meet specifications by and between the Plaintiff, FAES and the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION.

62.     Paragraph 15 of the fully executed contract between the Plaintiff and Defendant herein clearly states:

15. **Warranty.**  WINCHESTER warrants to the DISTRIBUTOR that the Products comply with WINCHESTER's specifications contained in the Price List and shall be free from defects in workmanship and material.  In the event that, within one year from the date of delivery of any Products, DISTRIBUTOR establishes that such Products are nonconforming either in workmanship or material and gives WINCHESTER prompt written notice thereof, WINCHESTER shall, at its option, repair or replace such nonconforming Product free of change, f.o.b. WINCHESTER's East Alton facility.  WINCHESTER's obligations hereunder are conditional upon the Products having been properly store, not having been subject to accident, misuse or abuse, and further upon DISTRIBUTOR giving WINCHESTER full access to its facilities and records to investigate the cause of the alleged defect. THE ABOVE STATED WARRANTY AND REMEDIES ARE EXCLUSIVE AND IN LIEU OF ANY OTHER WARRANTIES OR REMEDIES, WHETHER EXPRESSED OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

15

63.     That pursuant to both UCC §2-313 and the express terms of paragraph 15 contained within the written and signed contract, the Plaintiff, FAES gave the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION immediate oral and written notice that the products submitted for First Article Testing were submitted past the due date (See Attached Exhibit 1); contrary to the intent and underlying meeting of the minds which formed the basis for the distributorship agreement in the first instance.

64.     The foregoing warranty violation by the Defendant Winchester Ammunition a Division of the Olin Corporation, thereby gives rise to liability to the Plaintiff for damages sustained in the Plaintiff's loss of the 5 year contract- Tftc 03-25 to a third party, namely the Department of Homeland Security and FLETC with an authorized base procurement value of $88,858,320.00.

## COUNT 3

UNJUST ENRICHMENT

TO THE DETRIMENT OF THE PLAINTIFF

AND THE BENEFIT OF THE DEFENDANT

65.     The Plaintiff realleges and incorporates herein by reference paragraphs 1-63, all facts and paragraphs, as if they where set forth in full herein;

66.     That upon information and belief, due to the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION having submitted their own proposal and receiving directly Contract Tftc 03-26 in direct competition with its distributor, Plaintiff FAES from the Department of Homeland Security and FLETC; their actions in breaching the distributorship agreement unjustly enriched the Defendant.

67.     The foregoing breach was the direct and proximate cause in creating a detriment to the Plaintiff's in the amount of at least $88,858,320.00, in losing the contract Tftc 03-25 with the Department of Homeland Security and FLETC and conferred a benefit to the Defendant in the amount of at least equal value of $88,858,320.00 by the Defendant eliminating their own distributor.

68.     That in addition the breach of the distributorship agreement between the Plaintiff and the Defendant by the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION has the effect to harm the reputation of FAES as not being a reliable company for the government to accept future contract proposals due to the foregoing actions of the Defendant which further confers a benefit upon the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION.

69.     To allow the Defendant to retain these benefits would be inequitable under the facts and circumstances as set forth in full herein this complaint.

70.     Furthermore, despite due and timely demand having been made by the Plaintiff, FAES the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION has refused to compensate the Plaintiffs for inequitable and unjust enrichment their breach of said contract has conferred upon them and as such the Plaintiffs are entitled to judgment in the amount of $88,858,320.00.

## **COUNT 4**
VIOLATION OF THE FEDERAL FALSE CLAIMS ACT
31 USC §3729 & 31 USC §3730 (b) *Qui Tam*

71.     The Plaintiff realleges and incorporates herein by reference paragraphs 1-70, all facts and paragraphs, as if they where set forth in full herein;

17

72.     Pursuant to the Federal False Claims Act, 31 USC 3729 and as herein set forth initially in averment numbers 26-29, the Defendant, WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION, on December 16, 2004 pursuant to Delivery Order FTDO031738 and Purchase Requisition Number 03FAD0156 in the amount of $6,408.30, knowingly delivered directly to the Federal Government by and through the Department of Homeland Security and FLETC, defective and non conforming ammunition submitted for First Article Testing through their distributor's FAES' contract Tftc 02-25.

73.     That these defective and nonconforming goods were knowingly, and with fraudulent intent, delivered by the Defendant to the Department of Homeland Security and FLETC evidenced by the fact that the goods were still packaged and contained within the identical lot numbers and identifying bar codes as when they were returned to the Defendant previously from the government as a result of a previously rejected contract Winchester held directly with the government from another place and time.

74.     Plaintiff's have direct knowledge of this fact from Federal Contracting Officer Scott Langston, who informed the Plaintiff FAES by and through its authorized representative, Paul Roppuld. (See Attached Exhibits 6 & 7: Affidavits of Paul Roppuld and Gerald Morris)

75.     That these defective and nonconforming goods were at all times delivered under the Requisition Reference Number 03 FAD0156 as a claim for payment, to be paid to the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION, from the government, with Winchester's full knowledge that the claim was fraudulent.

"[T]he statute attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.'" *United States v. Rivera*, 55 F.3d 703, 709 (1st Cir. 1995). Evidence of an actual false claim is "the sine qua non of a False Claims Act violation." *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002), cert. denied, 537 U.S. 1105 (2003)."

76. Pursuant to the *qui tam* provision of the False Claims Act, 31 USC 3730(b) authorizes for civil penalties of up to $11,000 per false claim and treble damages against any person who:

(1) "knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval," as one of three liability subsections.

77. That based upon the foregoing factual basis the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION did in fact knowingly present or cause to by presented to an officer, namely Scott Langston of the United States Government a false and fraudulent claim for payment which entitles the Government and the Plaintiffs to judgment and relief against the Defendant in the amount of $11,000.00 per claim and treble damages for the amounts fraudulently claimed.

## COUNT 5

VIOLATION OF THE SMALL BUSINESS ACT

78. The Plaintiff realleges and incorporates herein by reference paragraphs 1-77, all facts and paragraphs, as if they where set forth in full herein;

79. That in its capacity as a federal government prime contractor, the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION, is required to establish and maintain a statutory small business subcontracting program to be approved by each respective federal government contracting authority. As such, the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION, has availed itself to certain procedural and/or governmental regulations as a condition precedent to maintaining its status as a compliant federal government prime contractor.

80. First American Engineered Solutions is represented to be a United States Small Business Administration (SBA) certified 8(a) Small Business Concern; an SBA

19

certified HUB-Zone Small Business Concern; an SBA certified Small Disadvantaged Business; an SBA certified Small Business Concern; a self-certified Veteran Owned Small Business; and a self-certified American Indian Owned Small Business.

81.     That the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION engaged in dialogue and in contract with FAES to create the illusion of compliance with the Small Business Act to insure its ability to contract as a prime contractor with the federal government and then subsequently sabotaged the FAES/Winchester Distribution Agreement to eliminate FAES as their competition, knowing that FAES threatened their competitive capability pursuant to FAES' application of the  Waiver of the Non-Manufacturer Rule, all in violation of its small business subcontracting program and in violation of its compliance with Part 13, Code of Federal Regulations and its applicable executive orders, laws and/or regulations.

82.     That the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION engaged in dialogue and in contract with FAES to create the illusion of compliance with the Small Business Act to insure its ability to contract as a prime contractor with the federal government and then subsequently sabotaged the FAES/Winchester Distribution Agreement to eliminate FAES as their competition knowing that FAES threatened their competitive capability pursuant to FAES' application of the  Waiver of the Non-Manufacturer Rule, all in violation of its small business subcontracting program and in violation of its compliance with Title 10, United States Code, Section 2323, and its applicable executive orders, laws and/or regulations.

83.     That the Defendant WINCHESTER AMMUNITION, a Division of the OLIN CORPORATION engaged in dialogue and in contract with FAES to create the illusion of compliance with the Small Business Act to insure its ability to contract as a prime contractor with the federal government and then subsequently sabotaged the FAES/Winchester Distribution Agreement to eliminate FAES as their competition, knowing that FAES threatened their competitive capability pursuant to FAES' application of the Waiver of the Non-Manufacturer Rule, all in violation of its small

business subcontracting program and in violation of its compliance with Title 15, United States Code, Sections 631-645 and 657(a)-(g) and its applicable executive orders, laws and/or regulations.

84.     As a direct and proximate result thereof, the Plaintiff, FAES suffered loss and damages as alleged in paragraphs 57, 64, and 70 of Plaintiff's first three counts of the Complaint and such further and future losses due to the loss of their inability to apply the Waiver of the Non-Manufacturer Rule.

WHEREFORE, Plaintiff demands judgment against the defendant as follows:

1.     Compensatory monetary damages of $88,858,320.00 on Counts 1-3 of the Complaint;

2.     Monetary damages of $10,000.00 plus treble damages on each false claim made by the Defendant on Count 4 of the Complaint;

3.     Debarment of the Defendant and Reinstatement of Contract Tftc-03-25 on Count 5 of the Complaint;

4.     Prejudgment and post judgment interest;

5.     Reasonable Costs, Attorneys fees and disbursements of this action;

6.     Punitive damages treble the compensatory damages; and

7.     Such further relief as the Court may deem just and equitable under the circumstances.

8.     PLAINTIFFS DEMAND A 12 PERSON JURY

Dated at Milwaukee, Wisconsin this _____ day of February, 2008.

Riccardi, Stern & Patrickus, S.C.

By: _____
    Attorney Wendy A. Patrickus
    State Bar #: 1013728